UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD C. RUSHTON,        )
                          )
          Plaintiff,      )
     vs.                  ) NO. 1:11-cv-00250-MJD-JMS
                          )
MICHAEL J. ASTRUE,        )
                          )
          Defendant.      )

# Order

Plaintiff Donald Rushton requests judicial review of the final decision of Defendant 8 Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act") and his application for Disability Insurance Benefits ("DIB") under Title II of the Act. For the reasons set forth, the Court **AFFIRMS** the Commissioner's decision.

## I. Background

**A. Procedural History**

On August 25, 2005, Rushton filed applications for SSI and DIB alleging disability beginning in 2001. The claims were denied initially and after reconsideration. Thereafter, Rushton requested a hearing, which was held before Administrative Law Judge ("ALJ") Ronald T. Jordan on November 4, 2008. On April 23, 2009, the ALJ denied Rushton's applications for SSI and DIB and Rushton requested review of the ALJ's decision. Upon the Appeals Council's denial of review on January 21 2011, the ALJ's decision became the final decision of the

1

Commissioner. 20 C.F.R. § 404.981. On February 17, 2011, Rushton filed this timely appeal requesting review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**B. Factual Background**

At the time of the ALJ's decision, Rushton was forty years old. Rushton's last job was in 2007 as a store clerk in a liquor store. Rushton also babysat between thirty-five to forty hours a week for his cousin's child. At the hearing, Rushton testified that he is unable to work because he cannot keep up with other employees that do not have his problems and that side effects from his medications made him tired.

Rushton suffers from depression, anxiety, post traumatic stress disorder, and has a history of alcohol and drug use with multiple DUI arrests. On several occasions, Rushton has sought treatment for suicidal thoughts and has been hospitalized. Rushton has a history of homelessness and when he becomes homeless, he becomes depressed, triggering his suicidal thoughts and his need for inpatient treatment.

In October 2004, a psychologist with Midtown Community Mental Health Center evaluated Rushton and noted that Rushton exhibited an unkempt appearance, flattened affect, mildly impaired concentration, cooperative attitude, articulate speech, partial insight, and had no perceptual distortions. The psychologist also noted that Rushton gave contradictory statements regarding whether he had suicidal thoughts, first expressing that he would harm himself if released and minutes later changing his answer.

In April 2005, another Midtown psychologist evaluated Rushton and noted that he appeared disheveled, agitated and sad, restless, articulate, well-orientated, depressed, and anxious. Rushton did not have suicidal ideations, nor impaired concentration. The evaluator

also noted that Rushton had average intelligence. In November 2005, Rushton again voluntarily admitted himself because of suicidal thoughts.

Rushton received individual and group therapy beginning in 2005. Treatment notes indicate that Rushton had varying degrees of participation, at times reluctant to give any personal information. Treatment notes also indicate that Rushton continued to suffer from depression often because of his financial difficulties. In September 2005, Rushton requested assistance in finding employment, stating that he had been looking, but had been unable to obtain employment. Midtown referred him to supported employment services.

In January 2006, psychologist J. Mark Dobbs conducted a consultative psychological examination of Rushton and diagnosed him with moderate depression and posttraumatic stress disorder. Rushton denied any history of delusions or hallucinations. Dr. Dobbs assigned Rushton a Global Assessment of Function ("GAF") score of 49, indicating serious symptoms or serious limitations in functioning. After Dr. Dobb's evaluation, a state agency psychologist reviewed the medical records and opined that Rushton had mild to moderate limitations from his mental impairments, but Rushton had no impairment that met or medically equaled a listed impairment. The reviewing psychologist also found Rushton capable of simple repetitive tasks in a competitive work environment. A second state agency psychologist reviewed the evidence and agreed with these opinions.

In October 2007, psychologist Michael O'Brien conducted a consultative psychological examination, diagnosed Rushton with mild to moderate depression, and assigned Rushton a GAF score of 65, indicating mild symptoms or mildly limited. Dr. O'Brien noted that Rushton appeared adequately groomed and clean. Rushton reported that he performed a broad range of household activities and chores. Following Dr. O'Brien's examination, another state agency

psychologist reviewed Rushton's medical record and concluded that Rushton had mild mental limitations and did not have a listing impairment.

## II. Disability and Standard of Review

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Further, this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, …or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

### III. The ALJ's Decision

At step one, the ALJ found that Rushton had not engaged in substantial gainful employment since May 31, 2011. [R. 14.] At step two, the ALJ found that Rushton had the following severe impairments: a major depressive disorder and alcohol dependence. [*Id.*] At step three, the ALJ found that Rushton did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. [*Id.* at 14-15.] The ALJ found that Rushton had the residual functional capacity ("RFC") to perform a full range of

5

work at all exertional levels, but had the following nonexertional limitations: he is limited to work involving simple repetitive tasks; he should not have any unusually high time or production quotas; he could have no contact with the general public; he should have his own work station; and he should have only occasional superficial contact with co-workers. [*Id.* at 15-16.] Based upon Rushton's RFC, the ALJ found, at step four, that Rushton could perform past relevant work as a warehouse worker. [*Id.* at 19.] Additionally, at step five, the ALJ found that Rushton could perform a number of jobs, including jobs as a janitor and as an inspector. [*Id.*] Thus, the ALJ found that Rushton was not disabled.

## IV. Discussion

Rushton makes three arguments as to why the ALJ erred in his decision that Rushton was not disabled. Specifically, Rushton claims that (1) the ALJ's decision at step three is not supported by substantial evidence; (2) the ALJ's credibility determination is patently erroneous; and (3) the ALJ's step five determination is not supported by substantial evidence. The Commissioner argues that Rushton fails to make a properly supported argument and that his arguments are unhelpful, formulaic, and do not preserve the issue for judicial review. Additionally, the Commissioner argues that substantial evidence supports the ALJ's decisions.

**A. Substantial Evidence Supports the ALJ's Decision**

Rushton makes several arguments regarding the ALJ's failure to support his step three decision. However, the Court agrees with the Commissioner that several of Rushton's arguments are mere boilerplate arguments that Rushton's counsel includes in most of his briefs with little to no analysis. For example, Rushton argues that fairness and justice requires reversal and that the ALJ failed to summon a medical advisor, but Rushton fails to offer anything of substance beyond that. As it has done in other cases, the Court finds that Rushton has waived

these undeveloped arguments. *See, e.g., H.M.V.O. v. Astrue*, No. 1:11-cv-00042, 2011 WL 6888804, at *5 (S.D. Ind. December 30, 2011).

Additionally, the arguments lack merit. Rushton argues, "it was obviously unfair for the ALJ to misstate and ignore all of the claimant's evidence proving disability." [Dkt. 23 at 17.] The ALJ, however, did not ignore all the evidence proving disability. The ALJ acknowledged Rushton had severe impairments, restrictions in daily living, a history of social conflicts, and moderate difficulties with concentration, persistence, or pace. [R. 15.] The ALJ also discussed Rushton's hospitalizations, his examinations, and his treatment notes. [*Id.* at 16-17.] Rushton lists numerous examples of evidence he claims the ALJ ignored or mischaracterized. [Dkt. 23 at 22-27.] The record, however, contains several years' worth of case notes and medical records, making it impossible to discuss everything. The ALJ need not discuss every piece of evidence. *Carlson*, 999 F.2d at 181. Overall, the ALJ presented a fair assessment of the record and adequately supported his conclusions.

Nor was the ALJ required to summon a medical advisor. The decision to use a medical expert is discretionary; an ALJ may ask for and consider opinions from medical experts on the nature and severity of impairments, but there is no requirement in the regulations that he must do so. *See* 20 C.F.R. 416.927(f)(2)(iii). "If the ALJ believes that he lacks sufficient evidence to make a decision, he must adequately develop the record and, if necessary, obtain expert opinions." *Clifford v. Apfel,* 227 F.3d 863, 873 (7th Cir. 2000). Here, two psychologists conducted examinations of Rushton and three psychologists reviewed the medical records. None of the psychologists found that Rushton had marked limitations in any area of functioning.

Rushton relies upon his low GAF scores as evidence of marked restrictions in activities of daily living, marked difficulties in maintaining social functioning; and marked difficulties in

maintaining concentration, persistence, or pace. However, "'nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score.'" *Wilkins v. Barnhart,* 69 Fed. Appx. 775, 780 (7th Cir.2003) (citing *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 241 (6th Cir.2002)). The ALJ did not give significant weight to Rushton's low GAF score of 49 for several reasons, including Rushton's level of functioning as demonstrated by the medical record, which indicated a higher level of functioning. [R. 19.]

Rushton argues that the ALJ fails to cite what evidence demonstrates Rushton's level of functioning. Elsewhere in his decision, however, the ALJ discusses Rushton's medical record and his level of functioning. For example, the ALJ discusses Rushton's daily living activities, noting that Rushton is capable of performing a wide range of activities. [R. 15.] The ALJ also noted that, in Rushton's October 2004 psychological evaluation, his concentration was only mildly impaired. [*Id.* at 16.] Moreover, Rushton fails to cite to any medical evidence, other than the GAF scores, that shows Rushton has any marked limitation in functioning and no treating sources concluded Rushton had marked limitations in any area of functioning. Therefore, the ALJ properly explained why he did not give significant weight to the GAF score and substantial evidence supports the ALJ's decision that Rushton did not meet or medically equal a listed impairment.

**B. ALJ's Credibility Determination is Not Patently Erroneous**

Rushton argues that the ALJ's credibility determination is patently erroneous because it is contrary to Social Security Ruling ("SSR") 96-7p and that he ignored or mischaracterized the evidence. Once again, Rushton's counsel does little to develop this argument so the Court need not spend significant time with this argument. The ALJ, however, gave several reasons why he

found Rushton less than credible. For example, Rushton stated that the side effects from his medications made it difficult for him to work. The ALJ discredited this statement because he found it unlikely that Rushton's cousin would have allowed Rushton to babysit between 35-40 hours a week if Rushton was not lucid and alert. [R. 18.] Other than pointing to the low GAF scores, which alone does not prove disability, Rushton cites no other evidence that he believes the ALJ overlooked in his credibility determination. Therefore, the Court finds that the ALJ's credibility determination was supported by substantial evidence and was not patently erroneous.

**C. Substantial Evidence Supports the ALJ's Step 5 Determination**

In a mere three sentences, Rushton's argues that the ALJ's RFC omits all of the marked limitations due to Rushton's quite severe mental impairments.[1] However, the ALJ's RFC is supported by substantial evidence including Rushton's psychological evaluations, which indicated no marked impairment. Rushton fails to identify any physician that found Rushton more limited than what the ALJ found him to be. Therefore, substantial evidence supports the ALJ's Step 5 determination.

# V. Conclusion

For the reasons discussed above, the Commissioner's decision is **AFFIRMED**.

---

[1] In his reply brief, Rushton argues that substantial evidence does not support the ALJ's Step 4 determination that Rushton could perform his past relevant work as a warehouse worker. However, arguments made for the first time on reply are considered waived. *Mitchell v. Astrue*, 1: 10-cv-01191-JMS-MJD, 2011WL 3205306 at *2 n. 8 (S.D. Ind. July 27, 2011) (citing *Hendricks v. New Albany Police Dep't,* 749 F. Supp. 2d 863, 872 (S.D. Ind.2010)).

9

Dated: 03/30/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com